UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MOISES LANTIGUA,

       Plaintiff,

vs.

GROUNDED FOR LIFE, INC.,
a Florida corporation, and STACEY
DAVIS, individually,

       Defendants.
_____/

## COMPLAINT

Plaintiff, MOISES LANTIGUA, by and through his undersigned counsel, sues the Defendants, GROUNDED FOR LIFE, INC., (hereinafter, "Company"), and STACEY DAVIS, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1. Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or was committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and are conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, STACEY DAVIS, individually, acted directly in the interests of her employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff were 'engaged in commerce' within the meaning of the FLSA.

9. The Plaintiff was a non-exempt employee working solely for the Defendants.

10. During his employment, the Defendants intentionally required the Plaintiff, a non-exempt employee under the FLSA, to work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

11. Plaintiff was hired in September of 2018 as a delivery driver and was informed that he was needed to work 6 days per week.

12. Plaintiff worked Monday through Friday from 8 am to 3-4 pm, and on Saturdays Plaintiff would work from 8 am to 7 pm.

13. Plaintiff was paid on a salary basis for $750.00 per week that did not compensate him for overtime worked.

14. Moreover, the Saturday work should have required two employees, yet Plaintiff was the only one there, making it even more difficult.

15. Eventually, Plaintiff informed Defendants that he was no longer willing to work on Saturday any longer, as he was not being paid for this time properly.

16. The response was that it was mandatory and when Plaintiff stood by his complaint, he was informed that he was to bring in his uniform.

17. All records concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff are unable to state at this time the exact amount due. Moreover, through pre-suit negotiations, Defendants admitted that Plaintiff was not paid proper overtime and even began to send Plaintiff checks for unpaid overtime that it realized was owed.

18. As a result, it has made Plaintiff's attempts to calculate a specific number to be challenging. Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above.

19. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

20. By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demand judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA–STACEY DAVIS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint.

21.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

22.     By reason of the intentional, willful and unlawful acts of the Defendant, STACEY DAVIS in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demand judgment against the Defendant, STACEY DAVIS for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA--RETALIATION-COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint.

23.     That Plaintiff complained to the Defendant, Company, concerning violations of the FLSA.

24.     That, as a result of the Plaintiff's complaints, the Defendant, Company, intentionally, willfully and unlawfully retaliated against Plaintiff, in violation of the FLSA, by terminating his employment.

25.     That the Defendant, Company's decisions to adversely affect the Plaintiff was both

connected to, and in response to the Plaintiff' complaints.

26. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, Plaintiff demand judgment against the Defendant, Company for all damages and relief under the FLSA, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA--RETALIATION-DAVIS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint.

27. That Plaintiff complained to the Defendant, STACEY DAVIS, concerning violations of the FLSA.

28. That, as a result of the Plaintiff's complaints, the Defendant, STACEY DAVIS, intentionally, willfully and unlawfully retaliated against Plaintiff, in violation of the FLSA, by terminating his employment.

29. That the Defendant, STACEY DAVIS' decisions to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff' complaints.

30. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, Plaintiff demand judgment against the Defendant, STACEY DAVIS, for all damages and relief under the FLSA, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: August 9, 2019.　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　Law Offices of Levy & Levy, P.A.
　　　　　　　　　　　　　　　　　　　　1000 Sawgrass Corporate Parkway, Suite 588
　　　　　　　　　　　　　　　　　　　　Sunrise, Florida  33323
　　　　　　　　　　　　　　　　　　　　Telephone: (954) 763-5722
　　　　　　　　　　　　　　　　　　　　Facsimile: (954) 763-5723
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　　　*/s/ David Cozad*
　　　　　　　　　　　　　　　　　　　　CHAD E. LEVY, ESQ.
　　　　　　　　　　　　　　　　　　　　chad@levylevylaw.com
　　　　　　　　　　　　　　　　　　　　Secondary: assistant@levylevylaw.com
　　　　　　　　　　　　　　　　　　　　F.B.N.: 0851701
　　　　　　　　　　　　　　　　　　　　DAVID M. COZAD, ESQ.
　　　　　　　　　　　　　　　　　　　　david@levylevylaw.com
　　　　　　　　　　　　　　　　　　　　F.B.N.: 333920